PER CURIAM.
The Criminal Procedure Rules Committee, in response to a request from this Court, has filed a petition for expedited review of a proposed amendment to Florida Rule of Criminal Procedure 3.111(d)(2)-(3). We have jurisdiction. Art. V, § 2(a), Fla. Const.
In light of the Court’s recent decision in State v. Bowen, 698 So.2d 248 (Fla.1997), which illustrates the apparent difficulty trial courts are having in complying with the dictates of the United States Supreme Court’s decision in Faretta[1] the Court asked the Criminal Procedure Rules Committee to make suggestions for standardizing the courtroom colloquies that take place when a criminal defendant seeks self-representation and to consider whether Rule of Criminal Procedure 3.220(h)(1) should be amended. In Bowen, the Court answered the following certified question in the negative:
Once a trial court has determined that a defendant has knowingly and intelligently waived his or her right to counsel, may that court nonetheless require the defendant to be represented by counsel because of concern that the defendant might be deprived of a fair trial if tried without such representation?
698 So.2d at 249. The Court explained that once a trial judge determines that a competent defendant has “knowingly and intelligently” waived the right to counsel, the dictates of Faretta are met, the inquiry is over, and the defendant may proceed pro se. The judge may not inquire further into whether the defendant is capable of providing a “substantively qualitative defense.” Id. at 251.
After considering the Court’s request, the rules committee filed the instant petition to amend rule 3.111(d)(2)-(3) and advised the Court that it unanimously agreed that the Conference of Circuit Judges should be asked to develop a model Faretta colloquy to be used by trial judges. The Conference of Circuit Judges has since informed the Court that it has developed a model colloquy which has been made available to trial judges and is contained in Appendix B.
The proposed amendment was published for comment; however, none were filed with the Court. At the Court’s request the Criminal Section of the Conference of Circuit Judges has reviewed the proposed amendment and informed the Court that all but one of the judges are in favor of the proposed amendment and believe the proposed amendment is “unambiguous and will assist the circuit judges in dealing with the issues of waiver of counsel.”
After considering the petition and the comment filed by the circuit judges, we adopt the proposed amendment as reflected in Appendix A to this opinion. New language is indicated by underscoring; deletions are indicated by strike-through type. The amendment shall become effective upon the release of this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX A
RULE 3.111. PROVIDING COUNSEL TO INDIGENTS
(a) When Counsel Provided. A person entitled to appointment of counsel as provided herein shall have counsel appointed when the person is formally charged with an offense, or as soon as feasible after custodial restraint, or at the first appearance before a *874 committing magistrate, whichever occurs earliest.
(b) Cases Applicable.
(1) Counsel shall be provided to indigent persons in all prosecutions for offenses punishable by imprisonment (or by incarceration in a juvenile corrections institution) including appeals from the conviction thereof. Counsel does not have to be provided to an indigent person in a prosecution for a misdemeanor or violation of a municipal ordinance if the judge, prior to trial, files in the cause a statement in writing that the defendant will not be imprisoned if convicted.
(2) Counsel may be provided to indigent persons in all proceedings arising from the initiation of a criminal action against a defendant, including postconviction proceedings and appeals therefrom, extradition proceedings, mental competency proceedings, and other proceedings that are adversary in nature, regardless of the designation of the court in which they occur or the classification of the proceedings as civil or criminal.
(3) Counsel may be provided to a partially indigent person on request provided that the person shall defray that portion of the cost of such representation and the reasonable costs of investigation as he or she is able without substantial hardship to the person or the person’s family, as directed by the court.
(4) “Indigent” as used herein shall mean a person who is unable to pay for the services of an attorney, including costs of investigation, without substantial hardship to the person or the person’s family; “partially indigent” as used herein shall mean a person unable to pay more than a portion of the fee charged by an attorney, including costs of investigation, without substantial hardship to the person or the person’s family.
(5) The court shall, prior to appointing a public defender:
(A)inform the accused that if the public defender is appointed, a lien for the services rendered by the public defender may be imposed under section 27.56, Florida Statutes;
(B) make inquiry into the financial status of the accused in a manner not inconsistent with the guidelines established by section 27.52, Florida Statutes. The accused shall respond to the inquiry under oath;
(C) require the accused to execute an affidavit of insolvency in the format provided by section 27.52, Florida Statutes.
(c) Duty of Booking Officer. In addition to any other duty, the officer who commits a defendant to custody has the following duties:
(1) The officer shall immediately advise the defendant:
(A) of the right to counsel;
(B) that if the defendant is unable to pay a lawyer, one will be provided immediately at no charge.
(2) If the defendant requests counsel or advises the officer he or she cannot afford counsel, the officer shall immediately and effectively place the defendant in communication with the (office of) public defender of the circuit in which the arrest was made.
(3) If the defendant indicates he or she has an attorney or is able to retain an attorney, the officer shall immediately and effectively place the defendant in communication with the attorney or the Lawyer Referral Service of the local bar association.
(4) The public defender of each judicial circuit may interview a defendant when contacted by, or on behalf of, a defendant who is, or claims to be, indigent as defined by law.
(A) If the defendant is in custody and reasonably appears to be indigent, the public defender shall tender such advice as is indicated by the facts of the case, seek the setting of a reasonable bail, and otherwise represent the defendant pending a formal judicial determination of indigency.
(B) If the defendant is at liberty on bail or otherwise not in custody, the public defender shall elicit only such information from the defendant as may be reasonably relevant to the question of indigency and shall immediately seek a formal judicial determination of indigency. If the court finds the defendant indigent, it shall immediately appoint counsel to represent the defendant.
*875 (d) Waiver of Counsel.
(1) The failure of a defendant to request appointment of counsel or the announced intention of a defendant to plead guilty shall not, in itself, constitute a waiver of counsel at any stage of the proceedings.
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry has been made into both the accused’s comprehension of that offer and the accused’s capacity to make as knowing and intelligent and understanding waiver. Before determining whether the waiver is knowing and intelligent, the court shall advise the defendant of the disadvantages and dangers of self-representation.
(3) Nonwaiver shall be accepted if it-appears that-the defendant is unable to make an intelligent and understanding- choice because of a mental conditiosy age, education, experience, the nature or-eemplexity of the case, or other factors. Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent him or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.
(4) A waiver of counsel made in court shall be of record; a waiver made out of court shall be in writing with not less than 2 attesting witnesses. The witnesses shall attest the voluntary execution thereof.
(5) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the defendant appears without counsel.
(e) Withdrawal of Defense Counsel After Judgment and Sentence. The attorney of record for a defendant in a criminal proceeding shall not be relieved of any duties, nor be permitted to withdraw as counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until after:
(1) the filing of:
(A) a notice of appeal;
(B) a statement of judicial acts to be reviewed, if a transcript will require the expenditure of public funds;
(C) directions to the clerk, if necessary; and
(D) a designation of that portion of the reporter’s transcript that supports the statement of judicial acts to be reviewed, if a transcript will require expenditure of public funds; or
(2) the time has expired for filing of a notice of appeal, and no such notice has been filed.
Committee Notes
1972 Adoption. Part 1 of the ABA Standard relating to providing defense services deals with the general philosophy for providing criminal defense services and while the committee felt that the philosophy should apply to the Florida Rules of Criminal Procedure, the standards were not in such form to be the subject of that particular rule. Since the standards deal with the national situation, contained in them were alternative methods of providing defense services, i.e., assigned counsel vs. defender system; but, Florida, already having a defender system, need not be concerned with the assigned counsel system.
(a) Taken from the first sentence of ABA Standard 5.1. There was considerable discussion within the committee concerning the time within which counsel should be appointed and who should notify defendant’s counsel. The commentary in the ABA Standard under 5.1a, b, convinced the committee to adopt the language here contained.
(b) Standard 4.1 provides that counsel should be provided in all criminal eases punishable by loss of liberty, except those types where such punishment is not likely to be imposed. The committee determined that the philosophy of such standard should be recommended to the Florida Supreme Court. The committee determined that possible deprivation of liberty for any period makes a case serious enough that the accused should have the right to counsel.
*876 (c) Based on the recommendation of ABA Standard 5.1b and the commentary thereunder which provides that implementation of a rule for providing the defendant with counsel should not be limited to providing a means for the accused to contact a lawyer.
(d) From standard 7.2 and the commentaries thereunder.
1980 Amendment. Modification of the existing rule (the addition of (b)(5)(A)-(C)) provides a greater degree of uniformity in appointing counsel to indigent defendants. The defendant is put on notice of the hen for public defender services and must give financial information under oath.
A survey of Florida judicial circuits by the Committee on Representation of Indigents of the Criminal Law Section (1978-79) disclosed the fact that several circuits had no procedure for determining indigency and that there were circuits in which no affidavits of insolvency were executed (and no legal basis for establishing or collecting hen monies).
1992 Amendment. In light of State v. District Court of Appeal of Florida, First District, 569 So.2d 439 (Fla.1990), in which the supreme court pronounced that motions seeking belated direct appeal based on ineffective assistance of counsel should be filed in the trial court pursuant to rule 3.850, the committee recommends that rule 3.111(e) be amended to detail with specificity defense counsel’s duties to perfect an appeal prior to withdrawing after judgment and sentence. The present provision merely notes that such withdrawal is governed by Florida Rule of Appellate Procedure 9.140(b)(3).
1998 Amendment. The amendments to (d)(2)-(3) were adopted to reflect State v. Bowen, 698 So.2d 248 (Fla.1997), which implicitly overruled Cappetta v. State, 204 So.2d 913 (Fla. 4th DCA 1967), rev’d on other grounds, 216 So.2d 749 (Fla.1968). See Fitzpatrick v. Wainwright, 800 F.2d 1057 (11th Cir.1986), for a list of factors the court may consider. See also McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), and Savage v. Estelle, 924 F.2d 1459 (9th Cir.1990), cert. denied, 501 U.S. 1255, 111 S.Ct. 2900, 115 L.Ed.2d 1064 (1992), which suggest that the defendant’s right to self-representation is limited when the defendant is not able or willing to abide by the rules of procedure and courtroom protocol.
APPENDIX B
FARETTA INQUIRY TRIAL STAGE
Right to Counsel Section:
1. Do you understand that you have a right to a lawyer? If you cannot afford to hire your own lawyer, and if you qualify for a court-appointed lawyer, one will be appointed for you.
2. The State of Florida will pay for a lawyer to advise you in these Court proceedings.
3. Shall I appoint a lawyer to represent you in this ease?

(Continue to the next section only if defendant says he or she does NOT want a lawyer.)

Advantages Section:
4. I would like to explain to you some of the ways that having a lawyer to represent you can be to your advantage:

A. Pretrial: (Read only if applicable to current posture of case.).

-A lawyer’s legal knowledge and experience may favorably affect bail or pre-trial release possibilities; may result in obtaining information about the case through skillful use of discovery devices; may uncover potential violations of constitutional rights and take effective measures to address them; may ensure compliance with speedy trial and statute of limitations provisions; and may identify and secure favorable evidence to be introduced later at trial on your behalf.

B. At trial:

-A lawyer has the experience and knowledge of the entire process. He [or she] will argue for your side during the whole trial and present the best legal argument for your defense.

-Since jury qualification and selection are governed by numerous legal procedures, a lawyer’s knowledge and experience may 
*877
enhance the selection process on your behalf.

-A lawyer can call witnesses for you, question witnesses against you, and present evidence on your behalf.
-A lawyer can advise you on whether you should testify, the consequences of that decision, and what you have a right not to say.
-A lawyer has studied the rules of evidence and knows what evidence can or cannot come into your trial.

-A lawyer may provide assistance in ensuring that the jury is given complete and accurate jury instructions by the court, may make effective closing arguments on your behalf, and may prevent improper argument by the prosecutor.

-A lawyer may ensure that any errors committed during trial are properly preserved for appellate review later by a higher court.

Post-trial:

-If you are convicted, a lawyer’s assistance may be useful in preparing for sentencing, ensuring that favorable facts are brought to the attention of the court; ensuring that the court is advised of all legally available favorable dispositions; and in ensuring that the sentence is lawfully imposed.

-An attorney’s legal knowledge and experience may be useful in filing an appeal and in seeking release on bail pending the appeal.

Dangers and Disadvantages Section:
5. As it is almost always unwise to represent yourself in Court, let me tell you a few of the disadvantages of representing yourself in Court:
-Do you understand that you will not get any special treatment from the Court just because you are representing yourself?

-Do you understand that you will not be entitled to a continuance simply because you wish to represent yourself?

-(Read if defendant is in custody): You will also be limited to the legal resources that are available to you while you are in custody. You will not be entitled to any additional library privileges just because you are representing yourself. A lawyer has fewer restrictions in researching your defense. Do you understand that?

-You are not required to possess the legal knowledge or skills of an attorney in order to represent yourself. However, you will be required to abide by the rules of criminal law and the mies of courtroom procedure. These laws took lawyers years to learn and abide by. If you demonstrate an unwillingness to abide by these mies, I may terminate your self-representation. Do you understand that?

-Do you understand that if you are disruptive in the courtroom that the Court can terminate your self-representation and remove you from the courtroom, in which case the trial would continue without your presence?
-Do you understand that your access to the State Attorney who is prosecuting you will be severely reduced as compared to a lawyer who could easily contact the State Attorney?
-In addition, the State will not go easier on you or give you any special treatment because you are representing yourself. The State will present its ease against you as an experienced lawyer.
-(Read only if a stay-away order is in effect): Because a “stay-away” order is in effect against you, you will be prohibited from contacting the victim or any other witnesses who are a part of the “stay-away order.” But if you are represented by an attorney, your attorney is allowed to speak to these people and question them regarding their testimony.
-And finally, if you are convicted, you cannot claim on appeal that your own lack of legal knowledge or skill constitutes a basis for a new trial. In other words, you cannot claim that you received ineffective assistance of counsel.

Do you understand these dangers and disadvantages of representing yourself?

Do you have any questions about these dangers and disadvantages?

*878 Charges and Consequences Section:
6. Have you received and read a copy of the charges against you?
7. Do you understand all the charges against you?
8. During the time that you were represented by counsel in this case, did you discuss this case with him [or her]?
9. Let me advise you o/the possible penalties if you are found guilty of all the charges.
10. (Read only if applicable): Do you understand that if you are convicted you may receive an enhanced sentence because (the state is seeking to sentence you as an habitual offender) (it is alleged that you used a firearm in the commission of the offense) (it is alleged you wore a mask during the commission of the offense)?
11. If you are found guilty by (the jury) (the court), the maximum jail or prison sentence you could receive is_, and the minimum jail or prison sentence is_
12. You may be required to report to a probation or community control officer for (length of time).
13. You may be required to pay a fine or restitution.
14. You may have a permanent criminal record.
15. Do you understand that if you are not a citizen of the United States, and if you are found guilty you could be deported from this country, excluded from entering this country in the future, and denied the opportunity to become a naturalized citizen?
16. Do you have any questions about the charges or the possible consequences and penalties if you are found guilty as I have explained them to you?
Competency to Waive Counsel Section:
17. I need to ask you a few questions about yourself to determine if you are competent to make a knowing and intelligent waiver of counsel:
-How old are you?
-Can you read? Can you write? Do you have any difficulty understanding English? -How many years of school have you completed?
-Are you currently under the influence of any drugs or alcohol?
-Have you ever been diagnosed and treated for a mental illness?

-Do you have any physical problem which would hinder your self-representation in this case, such as a hearing problem, speech impediment, or poor eyesight?

-Has anyone told you not to use a lawyer?
-Has anyone threatened you if you hire a lawyer or accept a lawyer appointed by the court?
-Do you understand that a lawyer appointed by the court will represent you for free?
-Have you ever represented yourself in a trial? What was the outcome of that case?
-Do you have any questions about having a lawyer appointed to defend you?

-[Omitted question about understanding dangers/disadvantages, because that is covered in the disadvantages section supra,]

18. Having been advised of your right to counsel, the advantages of having counsel, the disadvantages and dangers of proceeding without counsel, the nature of the charges and the possible consequences in the event of a conviction, are you certain that you do not want me to appoint a lawyer to defend you?

(Proceed on only if defendant still does NOT want counsel):

19. If I allow you to represent yourself and if you request it, I could have the Assistant Public defender act as standby counsel. He or she would be available to you if you have any questions in the course of these proceedings. Would you like standby counsel?

(Proceed on only if defendant WANTS standby counsel):

20. I will appoint standby counsel to assist you. However, you will still be responsible for the organization and content of presenting your case. You still have the entire responsibility for your oum defense. Do you understand that?

*879
(Make findings on the record as to whether defendant is competent to waive counsel, and whether his or her waiver of counsel is knowing and intelligent.)

(Renew offer of counsel at each subsequent stage of the proceedings.)

FARETTA INQUIRY PLEA STAGE

Right to Counsel Section:
1. Do you understand that you have the right to a lawyer?
-The State of Florida and the United States Constitution guarantee you the right to a lawyer.
-If you cannot afford to hire your own lawyer, and if you qualify for a court-appointed lawyer, I will appoint a lawyer for you right now.
-The State of Florida will even pay for this lawyer to help you with this decision as to whether or not to enter a plea.
2. Shall I appoint a lawyer to represent you?

(Continue on only if the defendant says he does not want a lawyer)

Advantages and Disadvantages Section:
3. Let me tell you a few ways a lawyer might help you:
-A lawyer can advise you as to whether entering a plea is in your best interests.
-A lawyer has the experience to help you work with the State and even bargain for different terms.
-A lawyer can tell you the advantages and disadvantages of what you might say to the Court during your plea hearing and the sentencing hearing that will follow.

-Do you understand that you will not get any special consideration from the Court just because you are representing yourself?

4. Do you understand how necessary a lawyer is and how he or she could help you?
Consequences of the Plea Section:
5. You are currently charged with (go over offenses and their degrees).

-Have you received a copy of these charges and had a chance to review them?

-Do you understand the serious nature of the charges against you?

6. If you decide to enter a plea, you will (go over terms of plea).
-The maximum sentence that can be imposed against you is_
-You may be forced to report to a probation or community control officer for (length of time).

-You may be required to pay a fine or restitution.

-You may have a permanent criminal record.

-If you are not a citizen of the United States, you could be deported from this country, excluded from entering this country in the future, and denied the opportunity to become a naturalized citizen.

-Do you understand these consequences of entering a plea?

-Do you have any questions about these consequences?

7. If you do not fulfill the conditions of your plea, the State can ask to revoke your probation or community control and you could be arrested and brought back to Court for a revocation hearing.
8. Do you understand the consequences of any violation or probation or community control?
Competency to Waive Counsel Section:
9. I need to ask you a few questions about yourself to determine if you are competent to make a knowing and intelligent waiver of counsel:
-How old are you?
-Can you read? Can you write? Do you have any difficulty understanding English?
-How many years of school have you completed?
-Are you currently under the influence of any drugs or alcohol?
*880 -Have you ever been diagnosed and treated for a mental illness?
-Has anyone told you not to use a lawyer? -Has anyone threatened you if you either hire a lawyer or accept one appointed by the court?
-Do you understand that a lawyer appointed by the court will represent you for free? -Do you have any questions about having a lawyer appointed to defend you?

-(Omitted question about understanding dangers, disadvantages, because that is covered in the disadvantages section supra.)

10. Having been advised of your right to an attorney, the advantages of having an attorney, the disadvantages of proceeding without an attorney, the nature of the charges against you, and the consequences of entering a plea, are you sure you do not want me to appoint a lawyer to represent you at this plea hearing?

(Continue only if defendant insists he or she does NOT want an attorney.)

11. If I allow you to represent yourself and if you request it, I could have the Assistant Public defender act as standby counsel. He or she would be available to you if you have any questions in the course of these proceedings.

-Would you like me to appoint standby counsel to assist you?

(Continue only if defendant ACCEPTS standby counsel).

12. I will appoint standby counsel to assist you. However, you will still bear the entire responsibility for your case at the plea hearing. Do you understand that?

(Make findings on the , record as to whether defendant is competent to waive counsel, and whether his or her waiver of counsel is knowing and intelligent.)

(After taking the plea, renew offer of counsel prior to imposing sentence.)

. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).