PER CURIAM.
Appellant appeals a conviction for robbery, arguing that the trial court allowed appellant to represent himself without adequately explaining the dangers and disadvantages of self-representation. Appellant was tried before the Florida Supreme Court adopted the Model Faretta colloquy for trial judges to go through. Amendment to Fla.R.Crim.P. 3.111 (d)(2) — (3), 719 So.2d 873, 23 Fla. L. Weekly S391 (Fla.1998). Although the trial court did not question appellant extensively in order to make him aware of the disadvan *322 tages of representing himself, the hearing did comply with the requirements of Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See Rogers v. Singletary, 698 So.2d 1178, 1181 (Fla.1996), quoting Fitzpatrick v. Wainwright, 800 F.2d 1057, 1064 (11th Cir.1986) in which the Florida Supreme Court concluded:
[W]hile a waiver hearing expressly addressing the disadvantages of a pro se defense is much to be preferred, it is not absolutely necessary. The ultimate test is not the trial court’s express advice, but rather the defendant’s understanding.
Affirmed.
STONE, C.J., KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.