LABARGA, J.
 

 This matter is before the Court for consideration
 
 sua sponte
 
 of amendments to Florida Rule of Criminal Procedure 3.111(d) (Waiver of Counsel). We have jurisdiction.
 
 See
 
 art. V, § 2(a), Fla. Const.
 

 Background
 

 In
 
 Indiana v. Edwards,
 
 — U.S. -, 128 S.Ct. 2379, 171 L.Ed.2d 345 (2008), the United States Supreme Court held that the Constitution permits a state to limit a defendant’s right to self-representation under
 
 Faretta v. California,
 
 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), by insisting upon representation by counsel at trial on the ground that, though competent to stand trial, the defendant lacks the mental capacity to conduct his own trial defense due to severe mental illness.
 
 Edwards,
 
 128 S.Ct. at 2387-88.
 

 As previously adopted by this Court,
 
 see Amendment to Florida Rule of Criminal Procedure 3.111(d)(2)-(3),
 
 719 So.2d 873, 875 (Fla.1998), rule 3.111(d)(3) does not permit the trial court to take into consideration a defendant’s mental capacity to represent himself. Accordingly, in light of
 
 Edwards,
 
 we proposed amending rule 3.111(d)(3) on our own motion.
 

 The Court’s proposed change to rule 3.111(d)(3) appeared in the January 1, 2009, edition of
 
 The Florida Bar News:
 

 Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel,
 
 and does not suffer from severe mental illness to the point where the defendant is not competent to
 
 
 *273
 

 conduct trial ‘proceedings by his or her self.
 

 Comments were filed by the Criminal Procedure Rules Committee (Committee) and the Florida Public Defender Association (FPDA).
 
 [1]
 
 The Committee filed a response to FPDA’s comment. After reviewing the comments and response, and upon consideration of the oral arguments heard in this case, we now amend rule 3.111(d)(3) as proposed on our own motion, with minor modifications.
 

 Discussion
 

 In reaffirming the right to self-representation under
 
 Faretta,
 
 the Supreme Court in
 
 Edwards
 
 clarified that that right is not without limitation. Rather, states may properly insist upon representation for those defendants who, due to severe mental illness, are not competent to conduct trial proceedings by themselves, a determination distinct from competency to stand trial.
 
 Edwards,
 
 128 S.Ct. at 2385-86. Florida Rule of Criminal Procedure 3.111(d)(3), however, currently recognizes a right to self-representation once a determination is made that the defendant’s waiver of counsel is knowing and intelligent:
 

 Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.
 

 Fla. R.Crim. P. 3.111(d)(3).
 

 Edwards
 
 presented the Supreme Court with its first opportunity to decide whether a severely mentally ill defendant, competent to stand trial under the standard announced in
 
 Dusky v. United States,
 
 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960),
 
 [2]
 
 had a right to self-representation upon meeting
 
 Faretta’s
 
 knowing and intelligent waiver standard.
 
 Edwards,
 
 128 S.Ct. at 2385-86. Edwards suffered from a diagnosed “schizophrenic illness” and, following a period of more than three years and three competency hearings, was ultimately found competent to stand trial.
 
 Id.
 
 at 2382. Shortly before trial, Edwards sought to represent himself and requested a continuance in order to proceed pro se.
 
 Id.
 
 The trial court denied Edwards’ requests and he went to trial represented by counsel.
 
 Id.
 
 Following a hung jury on two of four counts, Edwards requested to represent himself at his retrial on the attempted murder and battery counts.
 
 Id.
 
 Relying upon the lengthy record of psychiatric reports and Edwards’ schizophrenia, the trial court concluded that, while competent to stand trial, he was not competent to represent himself.
 
 Id.
 
 at 2383. On appeal in state court, Edwards’ convictions were vacated and his case remanded.
 
 Id.
 
 The Indiana Supreme Court, though agreeing with the prosecution that the trial court’s conclusion that Edwards was incapable of adequate self-representation was reasonable, held that competency to repre
 
 *274
 
 sent oneself is controlled by the same standard as competency to stand trial.
 
 Edwards v. State,
 
 866 N.E.2d 252, 260 (Ind.2007). According to the state high court, therefore,
 
 Faretta
 
 compelled the State of Indiana to allow Edwards to represent himself.
 

 In vacating that judgment and rejecting one competency standard for both standing trial and the right to self-representation, the Supreme Court created a narrow exception to
 
 Faretta.
 
 128 S.Ct. at 2387. The Supreme Court took into account, among other factors, that mental illness is not a unitary concept — it varies in degree and can vary over time — and that it “interferes with an individual’s functioning at different times in different ways.”
 
 Id.
 
 at 2386. Thus, while a defendant may be competent to stand trial — i.e., may have the ability to consult with his or her lawyer with a reasonable degree of rational understanding and have a rational as well as factual understanding of the criminal proceedings — severe mental illness could, nonetheless, interfere with the defendant’s ability to conduct his or her own defense without the assistance of counsel. Accordingly, the Supreme Court concluded that
 

 the Constitution permits judges to take realistic account of the particular defendant’s mental capacities by asking whether a defendant who seeks to conduct his own defense at trial is mentally competent to do so. That is to say, the Constitution permits States to insist upon representation by counsel for those competent enough to stand trial under
 
 Dusky
 
 but who still suffer from severe mental illness to the point where they are not competent to conduct trial proceedings by themselves.
 

 Edwards,
 
 128 S.Ct. at 2387-88.
 

 Both the Committee and the FPDA argued against the Court’s use of “severe mental illness” in the rule as not providing sufficient guidance to trial courts.
 
 [3]
 
 The issue of whether a defendant suffers from severe mental illness to the point where he or she is not competent to conduct trial proceedings without the assistance of counsel requires a fact-intensive inquiry to be made on a case-by-case basis.
 

 Without deciding whether
 
 Edwards
 
 compels states to provide additional protection to severely mentally ill defendants, the Court amends rule 3.111(d)(3) to implement the narrow limitation upon the right to self-representation recognized in
 
 Edwards.
 
 The Court’s amendment to rule 3.111(d)(3) tracks the language of
 
 Edwards.
 
 We decline at this time to further refine that limitation.
 

 We hereby amend Florida Rule of Criminal Procedure 3.111(d)(3) as set forth in the appendix to this opinion. New language is indicated by underscoring. The amendment shall become effective immediately upon release of this opinion.
 

 It is so ordered.
 

 QUINCE, C.J., and PARIENTE, LEWIS, CANADY, POLSTON, and PERRY, JJ., concur.
 

 APPENDIX
 

 RULE 3.111. PROVIDING COUNSEL TO INDIGENTS
 

 (a)-(c) [No Change]
 

 (d) Waiver of Counsel.
 

 
 *275
 
 (l)-(2) [No Change]
 

 (3) Regardless of the defendant’s legal skills or the complexity of the case, the court shall not deny a defendant’s unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by himself or herself.
 

 (4)-(5) [No Change]
 

 (e) [No Change]
 

 Committee Notes
 

 [No Change]
 

 [1]
 

 . In addition to the comments received addressing the substance of the rule amendment, one comment was received recommending technical modifications.
 

 [2]
 

 . A defendant is competent to stand trial if he or she "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him.”
 
 Dusky,
 
 362 U.S. at 402, 80 S.Ct. 788. Failure to adhere to procedures to protect a defendant's right not to be tried while incompetent to stand trial constitutes a denial of the due process right to a fair trial.
 
 Pate v. Robinson,
 
 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).
 

 [3]
 

 . The FPDA also requests that the Court amend the rule by (1) removing reference to "the complexity of the case”; (2) focusing on defendant’s mental capacity rather than mental illness; and (3) extending the rule to plea negotiations. We decline to limit
 
 Faretta's
 
 right to self-representation beyond the very limited exception recognized by the Supreme Court in
 
 Edwards.