# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Nos. 1D16-368
1D16-369
1D16-370
(Consolidated for disposition)

_____

SYLVESTER HOOKS,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Leon County.
Terry P. Lewis, Judge.


February 28, 2018


## ON MOTION FOR REHEARING, REHEARING EN BANC, AND/OR CERTIFICATION OF CONFLICT

PER CURIAM.

   DENIED.

ROWE and OSTERHAUS, JJ., concur; WINOKUR, J., concurs with opinion.

_____

WINOKUR, J., concurring.

We certified a question of great public importance to resolve an apparent conflict in case law regarding the specificity of questions that must be asked to ensure a voluntary waiver of counsel. Hooks asks that we also certify conflict. I concur in the denial of this motion, including his request for rehearing and rehearing en banc.

I write separately to emphasize two points. First, Hooks claims we have overlooked that the Supreme Court "approved" a standard *Faretta* colloquy as part of the 1998 amendment to Florida Rule of Criminal Procedure 3.111(d) and "added" the standard colloquy to the rule. In fact, the model colloquy is not part of Rule 3.111. The Court only asked the Criminal Procedure Rules Committee to make suggestions for standardizing *Faretta* inquiries. *Amendment to Florida Rule of Criminal Procedure 3.111(d)(2)-(3)*, 719 So. 2d 873 (Fla. 1998). The Court's request was passed to the Conference of Circuit Judges, which developed a model colloquy. *Id.* The Court attached the model colloquy as an appendix to its opinion amending the rule in order to make it available to trial judges. *Id.* The Court neither "approved" the model colloquy nor "added" it to Rule 3.111. While the model colloquy is useful, it does not establish an enforceable standard for ensuring an adequate waiver of counsel. *See Neal v. State*, 60 So. 3d 1132, 1135 (Fla. 1st DCA 2011) (noting that "[w]hile the model colloquy contained in the rules is very helpful, failure to follow it to the letter does not compel a finding that a defendant has not made a knowing and intelligent choice of self-representation."); *Vega v. State*, 57 So. 3d 259, 262 (Fla. 5th DCA 2011) ("trial courts are not bound to follow the model *Faretta* colloquy suggested by the supreme court").

Second, Hooks argues that we have overlooked the trial court's failure to ask him numerous questions about, for instance, his age, his education, his "mental status," and his experience in criminal proceedings, and that without answers to these questions the court failed to ensure that he was competent to waive counsel. I note that he does not claim that his answers to any of these questions would have suggested that he was not

2

competent to waive counsel. In fact, the record shows the opposite. Before jury selection, Hooks gave a clear statement regarding the issues in the case and his defense theory. Hooks actively participated in jury selection, making two cause challenges and a peremptory strike. Hooks gave a coherent opening statement, cross-examined all four of the State's witnesses, actively participated in sidebar discussions, moved for judgment of acquittal after the State rested, and gave a cogent closing argument. The court confirmed at every critical stage of the proceeding that Hooks wished to continue representing himself, until sentencing, when Hooks chose to be represented by stand-by counsel. At sentencing, the court indicated that Hooks appeared to be a "pretty intelligent guy," and called him "articulate." Hooks asks that we reverse the trial court not because the court allowed an incompetent defendant to represent himself, but because the court failed to ask a list of questions that would have shown what the record already shows, and what even Hooks himself does not dispute.

Unlike a plea colloquy, where the case is usually over soon after the defendant enters the waiver (of trial), a *Faretta* inquiry allows the case to proceed after the defendant enters the waiver (of counsel). Thus—and again unlike a guilty plea—the court has ample opportunity after the waiver of counsel to determine whether the defendant appears competent. In my view the questions to ascertain competency prior to the waiver are far more important in the plea context than in the waiver-of-counsel context.[*] Here, nothing that occurred at trial would have given the trial court any indication that, perhaps, Hooks had not been competent to waive counsel.

I recognize that the Florida Supreme Court has held that *Faretta* and Rule 3.111(d) "require reversal when there is not a proper *Faretta* inquiry." *State v. Young*, 626 So. 2d 655, 657 (Fla.

---

[*] This does not include, of course, the situation where the defendant waives counsel and enters a guilty plea at the same time. But in this circumstance, the court must also comply with the requirements for ensuring a valid guilty plea, irrespective of the requirements for ensuring a valid waiver of counsel.

3

1993). *See also Case v. State*, 865 So. 2d 557, 559 (Fla. 1st DCA 2003) (citing *Young* for the proposition that "[w]hen a defendant waives the right to counsel, the trial court's failure to perform an adequate *Faretta* inquiry is per se reversible error"). As such, Hooks is not obligated to show that he was incompetent. However, the United States Supreme Court has held that a court is required to make a competency determination when a defendant seeks to waive his or her right to counsel "only when a court has reason to doubt the defendant's competence." *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993). In other words, a defendant who is plainly competent cannot show prejudice from the court's failure to ask questions to confirm that he is competent. Nothing else demonstrates more that this case is an example of "Simon Says" jurisprudence, where judgments are to be reversed not because a party suffered prejudicial error, but because the court failed to say the right words the right way.

In this case, the trial court adequately determined that Hooks' waiver of counsel was voluntary. As Hooks has failed to demonstrate that we overlooked any law or facts, his motion should be denied.

---

Andy Thomas, Public Defender, Kasey Lacey, Assistant Public Defender, Steven Seliger, Assistant Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Jason Rodriguez, Assistant Attorney General, and Jennifer J. Moore, Assistant Attorney General, Tallahassee, for Appellee.