# Supreme Court of Florida

_____

No. SC18-1106
_____

**SYLVESTER HOOKS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

December 19, 2019

CANADY, C.J.

In this case, we consider whether a trial judge must ask certain questions during a *Faretta*[1] inquiry.  We have for review the decision of the First District Court of Appeal in *Hooks v. State*, 236 So. 3d 1122 (Fla. 1st DCA 2017).  There, the district court certified the following question of great public importance:

> IS A *FARETTA* INQUIRY INVALID IF THE COURT DOES NOT EXPLICITLY INQUIRE AS TO THE DEFENDANT'S AGE, EXPERIENCE, AND UNDERSTANDING OF THE RULES OF CRIMINAL PROCEDURE?

*Id.* at 1132.  We have jurisdiction.  *See* art. V, § 3(b)(4), Fla. Const.

---

1.  *Faretta v. California*, 422 U.S. 806 (1975).

As the First District did below, we answer the certified question in the negative. In doing so, we recede from *Aguirre-Jarquin v. State*, 9 So. 3d 593, 602 (Fla. 2009), and *McGirth v. State*, 209 So. 3d 1146, 1157 (Fla. 2017), to the extent that those decisions state a categorical rule that a trial court conducting a *Faretta* colloquy "must inquire as to the defendant's age, experience, and understanding of the rules of criminal procedure." *McGirth*, 209 So. 3d at 1157 (quoting *Aguirre-Jarquin*, 9 So. 3d at 602). As we explain, the pertinent statements in *Aguirre-Jarquin* and *McGirth* conflict with the governing rule of criminal procedure and misconstrue our caselaw.

## I. BACKGROUND

Petitioner, Sylvester Hooks, faced trial on two drug charges[2] and was also alleged to have violated his probation. Prior to jury selection, Hooks sought to waive his right to counsel. The trial judge gave him a document titled "Self-Representation Advisory Form/Trial" and later asked whether Hooks had read the form "real carefully." Hooks replied that he had. The judge next briefly stated the disadvantages of pro se representation and reminded Hooks that his decision to forgo counsel must be made knowingly and voluntarily. The judge then inquired

---

2. (1) Possession of pyrrolidinovalerophenone with intent to sell within 1000 feet of a community center, and (2) possession of cannabis with intent to sell within 1000 feet of a community center.

- 2 -

whether Hooks still wished to represent himself. When Hooks responded in the affirmative, the trial judge accepted the signed and initialed form. The trial judge accordingly discharged Hooks' attorney, and Hooks went on to represent himself during jury selection.

Four days later, before trial began, the trial judge asked whether Hooks wished to continue representing himself. Hooks said that he did. The case proceeded to trial, in which Hooks was found guilty of both charges. The trial court further determined that Hooks had violated his probation. At a subsequent proceeding where he was represented by counsel, Hooks was sentenced to ten years' imprisonment.

Hooks appealed to the First District, arguing that the trial court conducted an insufficient *Faretta* colloquy. *Hooks*, 236 So. 3d at 1124. According to Hooks, the inquiry was improper "because the court failed to ask questions about his age, education, mental or physical health, ability to read and write, drug use, or prior self-representation." *Id.* at 1129. The First District rejected his argument, concluding that the history of Florida Rule of Criminal Procedure 3.111(d)(3) made clear that "the failure to ask any specific questions does not render a *Faretta* inquiry inadequate." *Hooks*, 236 So. 3d at 1129.

The First District recognized that rule 3.111(d)(3) once provided that a waiver of counsel was invalid if it appeared the defendant could not make an

informed choice "because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors." *Id.* at 1125 (quoting Fla. R. Crim. P. 3.111(d)(3) (1973)). But the First District noted that rule 3.111(d)(3) was amended after this Court decided *State v. Bowen*, 698 So. 2d 248 (Fla. 1997). *Hooks*, 236 So. 3d at 1126. In *Bowen*, the First District explained, this Court held that *Faretta* only requires a trial court to "determine[] that a competent defendant of his or her own free will has 'knowingly and intelligently' waived the right to counsel." *Hooks*, 236 So. 3d at 1126 (quoting *Bowen*, 698 So. 2d at 251). The district court observed that rule 3.111(d)(3) was subsequently revised to eliminate the requirement that a trial court inquire about the identified factors. *Id.*

"Thus," the First District determined that the current version of "[r]ule 3.111(d) reflects the understanding that *Faretta* does not require" the trial court to ask any specific questions. *Hooks*, 236 So. 3d at 1126. Although the defendant's age, experience, or education "may be relevant" considerations when "determining competence," the First District concluded that "failure to inquire" about "any of the[se] factors does not automatically" mandate reversal. *Id.* at 1127.

Instead, the First District opined, *Faretta* only requires a trial court to find both "that the defendant is competent to waive counsel" and "that the defendant understands its advice regarding the dangers and disadvantages of self-representation." *Hooks*, 236 So. 3d at 1127. According to the district court, the

- 4 -

trial judge warned Hooks, both verbally and "through the self-representation form," about "the dangers" of proceeding without counsel. *Id.* at 1129. And there was "nothing in the record that would have given the court 'reason to doubt the defendant's competence.' " *Id.* (citing *Godinez v. Moran*, 509 U.S. 389, 401 n.13 (1993)). The First District therefore held that the *Faretta* inquiry was adequate. *See Hooks*, 236 So. 3d at 1129.

But the district court identified language in our decision in *Aguirre-Jarquin* "that appears to conflict with th[e] well-settled rule" that a *Faretta* inquiry is not invalid for failing to address specific factors. *Hooks*, 236 So. 3d at 1131. In *Aguirre-Jarquin*, the First District acknowledged, this Court wrote that "[i]n order to ensure the waiver is knowing and voluntary, the trial court *must* inquire as to the defendant's age, experience, and understanding of the rules of criminal procedure." *Hooks*, 236 So. 3d at 1131 (alteration in original) (emphasis added) (quoting *Aguirre-Jarquin*, 9 So. 3d at 602). The First District expressed concern that *Aguirre-Jarquin* contradicts "other supreme court decisions that reject an approach mandating specific questions." *Hooks*, 236 So. 3d at 1131. And while the First District thought it "tempting to view the disputed language in *Aguirre-Jarquin* as an anomaly" rejected in later cases, the district court recognized that the statement was recently quoted in *McGirth*, 209 So. 3d at 1157. *Hooks*, 236 So. 3d at 1131.

Nonetheless, the First District concluded that this Court "did not intend to create a new rule of law in *Aguirre-Jarguin*—invalidating self-representation unless the trial court asks particular questions of the defendant—for two reasons." *Hooks*, 236 So. 3d at 1131. "First," the district court reasoned that "such a rule conflicts with a substantial body of case law from both the Florida Supreme Court and the United States Supreme Court rejecting that approach." *Id.* "Second," the First District observed that "while the *Aguirre-Jarquin* court suggested that a trial court 'must' ask specific questions, it neither disapproved the *Faretta* inquiry given there because the specific questions were not asked, nor did it approve it because the specific questions *were* asked." *Hooks*, 236 So. 3d at 1132. Rather, "[t]he *Aguirre-Jarquin* court found that the *Faretta* inquiry was sufficient" without "indicat[ing] whether the trial court asked those questions." *Hooks*, 236 So. 3d at 1132. Therefore, the district court determined, "the alleged requirement for specific questions was *dicta* in this context." *Id.*

The First District also noted that *Aguirre-Jarquin*'s reliance on *Porter v. State*, 788 So. 2d 917, 927 (Fla. 2001), was misplaced. *Hooks*, 236 So. 3d at 1131. Though "*Aguirre-Jarquin* cites *Porter* . . . for the contention that the trial court 'must' " inquire about the identified factors, the district court concluded that "*Porter* did not in fact make this contention." *Hooks*, 236 So. 3d at 1131. According to the First District, *Porter* only explained that those factors may be

considered by the trial court.  *Hooks*, 236 So. 3d at 1131.  Therefore, believing it necessary "to resolve the issue raised by *Aguirre-Jarquin*," the district court certified the question set forth above.  *Hooks*, 236 So. 3d at 1132.

## II.  ANALYSIS

The issue before us is whether a *Faretta* colloquy is inadequate simply because the trial judge fails to inquire about the defendant's age, experience, and familiarity with the rules of criminal procedure.  Because this is a pure question of law, the standard of review is de novo.

We divide our analysis into two parts.  We first review the history of rule 3.111(d)(3)—specifically considering the rule's relationship to *Faretta*—before turning to the certified question.

### A.  *Faretta* and Rule 3.111(d)(3)

In 1972, this Court adopted Florida Rule of Criminal Procedure 3.111, which set forth a framework for "providing counsel to indigent[]" defendants.  *In re Fla. Rules of Crim. Pro.*, 272 So. 2d 65, 78-80 (Fla. 1972).  The rule addressed the waiver of appointed counsel in subdivision (d)(3):

> No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.

*Id.* at 79-80.

- 7 -

Three years after the adoption of rule 3.111, the United States Supreme Court decided *Faretta*. There, the Supreme Court held that an accused "has a constitutionally protected right to represent himself in a criminal trial." *Faretta*, 422 U.S. at 816. Before a defendant may exercise this right, the Court ruled that he or she must "knowingly and intelligently" waive the benefit of counsel. *Id.* at 835. But the Court made clear that the accused is not required to "have the skill and experience of a lawyer in order" to do so. *Id.* Accordingly, the defendant's "technical legal knowledge" is "not relevant to an assessment of his knowing exercise of the right to defend himself." *Id.* at 836. The accused must only "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.' " *Id.* at 835 (quoting *Adams v. United States ex rel. McCann*, 317 U.S. 269, 279 (1942)).

Even after the Supreme Court issued *Faretta*, Florida courts continued to hold that trial judges must inquire about the factors listed in rule 3.111(d)(3). *Hooks*, 236 So. 3d at 1126 (citing, *e.g.*, *Gillyard v. State*, 704 So. 2d 165, 167 (Fla. 2d DCA 1997)). "By mandating these specific questions, the[] cases suggested that a court had an obligation to deny a request for self-representation unless the defendant was sufficiently aged, educated, and literate, to handle self-representation, seemingly in conflict with *Faretta*." *Hooks*, 236 So. 3d at 1126;

*see also Bowen v. State*, 677 So. 2d 863, 865 (Fla. 2d DCA 1996) (recognizing that Florida courts had erroneously relied upon "pre-*Faretta* jurisprudence" in "post-*Faretta* decisions"), *approved*, 698 So. 2d 248 (Fla. 1997).

This Court then defined the proper scope of a *Faretta* inquiry in *Bowen*, 698 So. 2d at 248. There, the trial court denied the defendant's pro se request, reasoning that he lacked the level of education necessary to present an effective defense. *Id.* at 249. We held that this was error. *Id.* at 251. We explained "that once a court determines that a competent defendant of his or her own free will has 'knowingly and intelligently' waived the right to counsel, the dictates of *Faretta* are satisfied, the inquiry is over, and the defendant may proceed unrepresented." *Bowen*, 698 So. 2d at 251. "The court may not inquire further into whether the defendant 'could provide himself with a substantively qualitative defense,'" we concluded, because "it is within the defendant's rights, if he or she so chooses, to sit mute and mount no defense at all." *Id.* (quoting *Bowen*, 677 So. 2d at 864).

In his concurring opinion, Justice Wells remarked that rule 3.111(d)(3) did not follow *Faretta* "with sufficient clarity." *Bowen*, 698 So. 2d at 252 (Wells, J., concurring). He suggested that the rule be reviewed, "particularly regarding its references to mental condition, age, education, and experience as factors in determining whether to accept a waiver of assistance of counsel." *Id.*

Rule 3.111(d)(3) was accordingly revised in 1998. *Amendment to Fla. Rule of Crim. Pro. 3.111(d)(2)-(3)*, 719 So. 2d 873, 875 (Fla. 1998). The amended subdivision provides:

> Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent him or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel.

*Id.*; *see also Hooks*, 236 So. 3d at 1126.[3]

Two principles have emerged from our decisions following the issuance of *Bowen* and the amendment of rule 3.111(d)(3). First, under the revised rule, "the ability to prepare a competent legal defense and technical legal knowledge (or lack thereof) are not relevant issues in a self-representation inquiry." *McKenzie v.*

---

3. Rule 3.111(d)(3) was further amended after the Supreme Court decided *Indiana v. Edwards*, 554 U.S. 164 (2008). *Edwards* allowed states "to limit a defendant's right to self-representation" when "the defendant lacks the mental capacity to conduct his own trial defense due to severe mental illness." *In re Amendments to Fla. Rule of Crim. Pro. 3.111*, 17 So. 3d 272, 272 (Fla. 2009). Accordingly, the italicized portion of the following language was added to the rule:

> Regardless of the defendant's legal skills or the complexity of the case, the court shall not deny a defendant's unequivocal request to represent himself or herself, if the court makes a determination of record that the defendant has made a knowing and intelligent waiver of the right to counsel*, and does not suffer from severe mental illness to the point where the defendant is not competent to conduct trial proceedings by his or her self.*

*Id.* at 275.

*State*, 29 So. 3d 272, 282 (Fla. 2010) (emphasis omitted).  Second, there is no longer any requirement that a trial court inquire about specific factors, "for there are no 'magic words' under *Faretta*."  *Potts v. State*, 718 So. 2d 757, 760 (Fla. 1998).  "Accordingly, the omission of one or more warnings . . . does not necessarily require reversal as long as it is apparent" that the defendant knowingly and voluntarily waived the right to counsel.  *McCray v. State*, 71 So. 3d 848, 867 (Fla. 2011).  A reviewing court will not "focus" on the particular "advice rendered by the trial court," but instead will evaluate "the defendant's general understanding of his or her rights."  *Potts*, 718 So. 2d at 760.

### B.  Certified Question

We acknowledge, however, that language in two of our decisions suggests departure from the principles set out above.  In *Aguirre-Jarquin*, we wrote that a trial court conducting a *Faretta* colloquy "*must* inquire as to the defendant's age, experience, and understanding of the rules of criminal procedure."  *Aguirre-Jarquin*, 9 So. 3d at 602 (emphasis added).  This language was recently quoted in *McGirth*, 209 So. 3d at 1157.

In light of the inconsistency, the certified question asks whether the trial court is required to ask about the three factors identified in *Aguirre-Jarquin* and *McGirth*.  We answer in the negative and, for the reasons below, recede from *Aguirre-Jarquin* and *McGirth* to the extent those decisions state otherwise.

- 11 -

We first conclude that the disputed language in *Aguirre-Jarquin* and *McGirth* conflicts with rule 3.111(d)(3). The previous version of rule 3.111 mandated that trial courts ask about specific factors; two of the three at issue here, the defendant's age and experience, were once listed in subdivision (d)(3). *See Amendment to Fla. Rule of Crim. Pro. 3.111(d)(2)-(3)*, 719 So. 2d at 875. Because those factors were removed from rule 3.111(d)(3), *id.*, there is no longer any requirement that a *Faretta* colloquy address them. And the final factor—the defendant's understanding of the rules of criminal procedure—is only relevant if assessing the accused's "technical legal knowledge." *Faretta*, 422 U.S. at 836. Under the amended rule, this is clearly an improper consideration. *McKenzie*, 29 So. 3d at 282.

We further note that *Aguirre-Jarquin* and *McGirth* misconstrue our caselaw. In addition to contradicting the post-*Faretta* decisions discussed above, *Aguirre-Jarquin* and *McGirth* erroneously interpret *Porter*, 788 So. 2d at 927. *See Hooks*, 236 So. 3d at 1131. Both decisions cite *Porter* for the assertion that a trial court "must" inquire about the defendant's experience, age, and familiarity with the rules of criminal procedure. *McGirth*, 209 So. 3d at 1157; *Aguirre-Jarquin*, 9 So. 3d at 602. But *Porter* only suggests that these are among eight factors "to be considered in determining whether a defendant made a knowing and voluntary waiver."

*Porter*, 788 So. 2d at 927. No part of the *Porter* opinion states that the failure to ask about the listed factors necessitates reversal.

We also recognize that our decision in *McKenzie*, 29 So. 3d at 80-82—though issued before the disputed language was quoted in *McGirth*—does not adhere to the rule stated in *Aguirre-Jarquin*. In *McKenzie*, the defendant argued that the trial court conducted an insufficient *Faretta* inquiry because it did not ask about his "experience with the criminal justice system." *McKenzie*, 29 So. 3d at 280. We rejected his claim. *Id.* at 282. We acknowledged that our earlier cases "may have implied that a trial court should inquire into a defendant's experience in criminal proceedings." *Id.* at 281-82 (citing *Hardwick v. State*, 521 So. 2d 1071, 1074 (Fla. 1988); *Johnston v. State*, 497 So. 2d 863, 868 (Fla. 1986)). But we concluded that those cases applied the previous version of rule 3.111(d)(3). *Id.* at 281. We explained that no such requirement existed under the rule as amended in 1998. *See id.* at 281-82. Therefore, despite the "must inquire" language used in *Aguirre-Jarquin* and later reproduced in *McGirth*, we have expressly held that a trial court does not err in neglecting to ask a question that those decisions deemed necessary.

Finally, we acknowledge that rule 3.111(d)(2) provides that a defendant's waiver of the assistance of counsel can only be accepted after "a thorough inquiry has been made into both the accused's comprehension of that offer and the

- 13 -

accused's capacity to make a knowing and intelligent waiver." But the specific elements of that "thorough inquiry" will vary depending on circumstances related to the defendant that are known to the trial judge. Rule 3.111(d)(2) does not impose a categorical rule of the nature suggested by *Aguirre-Jarquin* and *McGirth*.

### III. CONCLUSION

We hold that a *Faretta* colloquy is not rendered inadequate by the trial court's failure to "inquire as to the defendant's age, experience, and understanding of the rules of criminal procedure." *McGirth*, 209 So. 3d at 1157 (quoting *Aguirre-Jarquin*, 9 So. 3d at 602). We thus answer the certified question in the negative. Accordingly, we approve *Hooks* to the extent it is consistent with this opinion and recede from the identified language in *Aguirre-Jarquin* and *McGirth*.

It is so ordered.

POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.
LABARGA, J., concurs with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

LABARGA, J., concurring.

In retrospect, while I agree with the reasoning of the majority, I write to emphasize that nothing in Florida Rule of Criminal Procedure 3.111(d)(2) prohibits a trial court from expressly inquiring into the defendant's age, experience, or

understanding of the rules of criminal procedure when conducting an inquiry pursuant to *Faretta v. California*, 422 U.S. 806 (1975).

As we observed in *Porter v. State*, 788 So. 2d 917, 927 (Fla. 2001) (quoting *United States v. Fant*, 890 F.2d 408, 409-10 (11th Cir. 1989)), the following are the relevant considerations when determining whether a defendant's waiver of counsel is knowing and voluntary:

> (1) the background, experience and conduct of the defendant including his age, educational background, and his physical and mental health; (2) the extent to which the defendant had contact with lawyers prior to the trial; (3) the defendant's knowledge of the nature of the charges, the possible defenses, and the possible penalty; (4) the defendant's understanding of the rules of procedure, evidence and courtroom decorum; (5) the defendant's experience in criminal trials; (6) whether standby counsel was appointed, and the extent to which he aided the defendant; (7) whether the waiver of counsel was the result of mistreatment or coercion; or (8) whether the defendant was trying to manipulate the events of the trial.

While some of these factors may be informed by the trial court's observations, where possible, the trial court should engage in a direct colloquy with the defendant. Because the purpose of a *Faretta* inquiry is to determine whether the defendant is making a knowing, intelligent, and voluntary waiver of his right to counsel, the more detailed the court's inquiry of the defendant, the better. A detailed *Faretta* inquiry greatly assists the trial court in determining whether a defendant's waiver of counsel is knowing, intelligent, and voluntary, and it ensures a reliable record for the purpose of a meaningful appellate review. This

additional inquiry is particularly essential in cases where the death penalty is involved.

Application for Review of the Decision of the District Court of Appeal – Certified Great Public Importance

First District - Case Nos. 1D16-368, 1D16-369, & 1D16-370

(Leon County)

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Second Judicial Circuit, Tallahassee, Florida,

for Petitioner

Ashley Moody, Attorney General, Trisha Meggs Pate, Bureau Chief, and Virginia Chester Harris, Assistant Attorney General, Tallahassee, Florida,

for Respondent